UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN RUIZ-MENDEZ,**<br><br>　　　　　Petitioner<br><br>　　v.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　Respondent | **CASE NO. 1:12-CR-0202 AWI**<br><br>**ORDER ON PETITIONER MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(c)(2)**<br><br>(Doc. No. 28) |

　　　On March 4, 2013, Petitioner was sentenced to a term of 90 months of incarceration and 60 months supervised release. See Doc. Nos. 20, 21. Petitioner had pled guilty pursuant to a plea agreement to two counts: (1) 21 U.S.C. § 841(a)(1) (possession of methamphetamine with intent to distribute), and (2) 18 U.S.C. § 922(g)(5)(A) (illegal alien in possession of a firearm).

　　　On September 29, 2015, Petitioner's term of imprisonment was reduced to 65 months. See Doc. No. 26. The reduction was pursuant to 18 U.S.C. § 3582(c) and was done through a stipulation. See Doc. No.24.

　　　On June 27, 2016, Petitioner filed the current motion for a modification of sentence under 18 U.S.C. § 3582(c)(2). See Doc. No. 28. Petitioner's motion is unclear. However, it appears that Petitioner is arguing that he should receive a reduction of sentence under § 3582(c)(2) in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Petitioner contends that he is eligible for a sentence reduction because his sentence was enhanced due to possession of a firearm and/or his status as a career criminal offender.

*Discussion*

No relief is warranted for at least two reasons.  First, 18 U.S.C. § 3582(c)(2) by its express terms applies to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  Petitioner has identified no sentencing range that has been lowered by the Sentencing Commission pursuant to § 944(o).  *Johnson* is a Supreme Court decision, it is not a sentencing range promulgated by the Sentencing Commission.  Second, *Johnson* held that the residual clause of 18 U.S.C. § 924(e)(2)(B), which defined "violent felony" in part as a felony that "involves conduct that presents a serious potation risk of physical injury to another," was unconstitutionally vague.  See Johnson, 135 S.Ct. at 2557.  Here, there is no indication that the residual clause of § 924(e)(2)(B) was applied to Petitioner in any way.  Moreover, Petitioner had no criminal history, which means that § 924(e) has no application to Petitioner.  See 18 U.S.C. § 924(e) (subsection applies to a person who ". . . has three previous convictions . . . ."); Johnson, 135 S.Ct. at 2562 (noting that a § 924(e) applies to a person who has three convictions for three previous felonies or drug offenses).

Because Petitioner has not shown that he is entitled to a modification of his sentence, Petitioner's 18 U.S.C. § 3582 motion will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that that Petitioner's motion for modification of sentence (Doc. No. 28) is DENIED.

IT IS SO ORDERED.

Dated:   February 28, 2017                                   _____
                                                             SENIOR DISTRICT JUDGE